Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ROLANDO BARREIRO VÁZQUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2025RA00120 | *Reconsideración* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Apelación de Remedio Administrativo<br><br>Caso Núm. B944-25 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de agosto de 2025.

El recurrente, el señor Rolando Barreiro Vázquez, comparece ante nos para que dejemos sin efecto la determinación que entiende fue contestada el 25 de junio de 2025 por el Departamento de Corrección y Rehabilitación (Departamento). Mediante la misma, el referido organismo le informó al recurrente que no procedía la entrega de copia de una documentación que este había solicitado.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial.

**I**

Surge del relato del recurrente que, el 16 de junio de 2025 solicitó copia de "todos los progresos y ajustes que se han hecho para el estado de la Florida"[1], así como "una copia exacta de todas las hojas de bonificación y cualquier otro cómputo concerniente a

---

[1] Véase pág. 2 del recurso.

mi persona y/o al tiempo"[2] que está cumpliendo concurrentemente con una sentencia dictada en Puerto Rico.

Según expuso, luego de evaluada su petición, el Departamento le contestó, alegadamente, lo siguiente:

> En respuesta a su solicitud le informamos que dialogamos su planteamiento con la señora Cordero, Supervisora de Sociales, y esta nos informó que lo que solicita no se le provee a los M.P.C., solo se le hace entrega de las hojas de comité, por las cuales firma.

Inconforme, el 15 de julio de 2025 el recurrente presentó el presente recurso que nos ocupa, el cual intituló *Reconsideración.* En el mismo nos expresa su inconformidad con la determinación recurrida y expresa que tiene derecho a solicitar y obtener cualquier documento legal y/u oficial, concerniente a su sentencia.

Luego de examinar el expediente que nos ocupa, procedemos a expresarnos.

## II

### A

Sabido es que todo ciudadano que prosiga una causa en alzada está en la absoluta obligación de perfeccionar su recurso conforme a los preceptos legales y reglamentarios que le sean aplicables, de manera que provea para el cabal ejercicio de nuestras funciones de revisión. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *Rivera Lamberty v. Rodríguez Amador*, 205 DPR 194, 202 (2020); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 568-569 (2000). Lo anterior encuentra arraigo en la premisa que establece que "[l]a marcha ordenada de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico," por lo que las normas que rigen el trámite apelativo de las causas judiciales deben

---

[2] Véase pág. 2 del recurso.

ser observadas con fidelidad. *Soto Pino v. Uno Radio Group,* supra, pág. 90.

Conforme reconoce el estado de derecho vigente, el alegato constituye el instrumento por el cual el Tribunal de Apelaciones puede aquilatar y justipreciar los argumentos de quien acude a su auxilio. *Morán v. Martí,* 165 DPR 356, 366-367 (2005). El incumplimiento de los requisitos exigidos para su contenido imposibilita que el recurso se perfeccione a cabalidad. Lo anterior redunda en privar al tribunal intermedio de autoridad para atender el asunto que se le plantea, puesto que dicha comparecencia se reputa como un breve y lacónico anuncio de una intención de apelar. *Íd.,* pág. 366. Nuestro estado de derecho, en aras de garantizar a las partes su día en corte, exige el cumplimiento cabal de los trámites contemplados por ley y reglamento respecto al perfeccionamiento de los recursos en alzada. *Soto Pino v. Uno Radio Group,* supra, pág. 90; *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975). Únicamente así los tribunales apelativos estarán en posición tal que les permita emitir un pronunciamiento justo y correcto, a la luz de un expediente completo y claro. Por tanto, la inobservancia de los mismos da a lugar a la falta de jurisdicción del foro intermedio. *Soto Pino v. Uno Radio Group,* supra, pág. 90; *Matos v. Metropolitan Marble Corp.,* supra, pág. 125. De igual forma, a tenor con ello, el ordenamiento jurídico reconoce que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar,* 159 DPR 714, 722 (2003).

En lo pertinente, la *revisión judicial* constituye el remedio exclusivo para auscultar los méritos de una determinación administrativa. Sección 4.2, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, 3 LPRA sec. 9672. En atención a dicho trámite, la Regla 59 del Reglamento del

Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 81-85, 215 DPR __ (2025), establece los requisitos que validan la suficiencia del contenido de un recurso de revisión judicial:

**Regla 59- Contenido del recurso de revisión**

[...]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

> (a) En la comparecencia, el nombre de los recurrentes.
>
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
>
> (c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.
>
> La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.
>
> (d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.
>
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.
>
> (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

    (a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

    (b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

    (c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

    (d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

    (e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

    (f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

[...].

**B**

Por su parte, conforme dicta nuestro estado de derecho, los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. *Freire Ruiz et al. v. Morales, Hernández,* supra; *Oficina de Ética Gubernamental v. Santini Padilla,* 209 DPR 332, 339 (2022); *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854, 859 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169

DPR 873, 882 (2007). Las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Mun. Río Grande v. Adquisición Finca*, 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández*, supra; *JMG Investment, Inc. v. ELA,* 203 DPR 708, 714 (2019); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, los tribunales pueden considerarlo, incluso, *motu proprio. Rodríguez Vázquez v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 216 DPR ___ (2025); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 145 (2023); *Mun. De San Sebastián v. QMC Telecom*, supra, pág. 660.

### III

Al examinar el expediente de autos, no podemos sino resolver que el mismo incumple con los criterios reglamentarios dispuestos para su cabal perfeccionamiento. Su contenido se limita a una exposición de los hechos acontecidos y a los trámites, alegadamente, efectuados ante el organismo, todo sin prueba documental que acredite los mismos. Peor aún, el recurso de autos no contiene una copia del reclamo original que se hizo ante el organismo recurrido, ni la determinación de la cual recurre. Además, el recurrente no señaló los errores que, a su juicio, cometió la agencia recurrida, ni los discutió, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

Tal cual esbozado, las faltas reglamentarias antes advertidas inciden sobre el efectivo ejercicio de nuestras funciones de revisión. Las mismas nos impiden, no solo conocer los pormenores del reclamo que se nos plantea, sino, también, el alcance del ejercicio adjudicativo desplegado por el organismo y los términos de nuestra autoridad para intervenir en el asunto. Siendo así, dado a que no

contamos con un recurso de revisión judicial debidamente perfeccionado, estamos impedidos de asumir jurisdicción sobre sus méritos.

Así, pues, concluimos que no ostentamos jurisdicción para entender sobre el escrito presentado.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones